# IN UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT SAVAGE ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:25-cv-02119 |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| CHAMPAIGN COMMUNITY UNIT SCHOOL ) | |
| DISTRICT NO. 4 ) | |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

NOW COMES Plaintiff, SCOTT SAVAGE, by and through his attorneys, Pietrucha Law Firm, LLC and for his Complaint against Defendant CHAMPAIGN COMMUNITY UNIT SCHOOL DISTRICT NO. 4 states as follows:

## PARTIES

1. Plaintiff, Scott Savage ("Plaintiff" or "Dr. Savage"), is an individual and former principal of Defendant's Centennial High School in Champaign, Illinois.

2. Defendant, Champaign Community Unit School District No. 4, is a public school district with students in grades pre-K through 12 in Champaign, Savoy, and Bondville, Illinois, with 19 campuses employing more than 1,900 teachers, administrators, and support personnel.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question) as Plaintiff asserts claims under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et. seq. ("ADA").

4. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a), as they arise from the same set of facts as the federal claim.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), as Defendant is located in this District, and the events giving rise to the claims occurred in this District.

## ADMINISTRATIVE PROCEEDINGS

6. On or about October 31, 2023, Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") Charge of Discrimination against Defendant, EEOC Charge No. 440-2024-01030, attached hereto as *Exhibit A* asserting employment discrimination based on disability and military status.

7. On or about April 11, 2025, the Department of Justice ("DOJ") issued Plaintiff a Notice of Right to Sue Within 90 Days, attached hereto as *Exhibit B*.

## FACTUAL BACKGROUND

8. Dr. Savage was employed by the District as the Principal of Defendant Centennial High School until Defendant forced Plaintiff to resign on or about June 1, 2023.

9. Prior to his forced resignation, Dr. Savage was placed on administrative leave following an incident with a student on April 18, 2023 (the "Incident"), in which he attempted to enforce the school's dress code policy.

10. The District failed to properly investigate the incident, and Dr. Savage was pressured to resign without being given a meaningful opportunity to defend himself.

11. The District instructed Dr. Savage to resign under the guise of medical reasons, knowing Dr. Savage was a veteran and suffers from Post-Traumatic Stress Disorder ("PTSD").

12. Upon information and belief, a District employee improperly accessed and leaked school surveillance footage of the Incident, resulting in widespread online harassment and reputational damage to Dr. Savage.

13. The District's failure to secure sensitive school surveillance video footage ("Video") and its negligence in supervising employees allowed this breach to occur, causing significant harm to Dr. Savage's professional reputation and emotional well-being.

14. After the Video was leaked, it caused community outrage through social media and other protests.

15. Local law enforcement reviewed the surveillance footage and concluded that no laws were violated based on the content of the Video.

16. As a direct result of the unauthorized release of the Video, Dr. Savage experienced severe emotional distress requiring hospitalization.

17. As a consequence of the Video, Dr. Savage was unable to secure employment within the Champaign-Urbana area.

18. Following his separation from employment, the District—through its legal counsel—represented that it could provide a neutral reference in response to employment verification requests.

19. However, a neutral reference alone proved inadequate to overcome the reputational harm caused by the Video.

20. Defendant's publication and failure to secure the footage placed Plaintiff in a false light before the public, leading viewers to conclude that Plaintiff was unfit to work in

education or posed a danger to students—assumptions that were inaccurate and grossly distorted the actual facts.

21. As a result, Dr. Savage was compelled to relocate out of state in order to obtain new employment opportunities.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA)

22. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff suffers from Post-Traumatic Stress Disorder (PTSD), a recognized mental health disability under the ADA, which was disclosed to Defendant during the course of his employment.

24. Defendant, Champaign Community Unit School District No. 4, is an employer subject to the ADA and its requirements to provide equal employment opportunities and reasonable accommodations to qualified individuals with disabilities.

25. The ADA prohibits employers from discriminating against an individual on the basis of disability with respect to hiring, advancement, discharge, and other terms, conditions, and privileges of employment.

26. Defendant unlawfully discriminated against Plaintiff by treating him less favorably than similarly situated employees without disabilities.

27. Specifically, Plaintiff was forced to resign following an incident that was not handled in the same manner as comparable conduct by non-disabled employees.

28. In response to Plaintiff's EEOC Charge, the District asserted that "no other principal has engaged in similar conduct," yet failed to acknowledge that the differential treatment

Plaintiff received was influenced by his PTSD diagnosis and related behaviors, which the District perceived negatively and failed to accommodate.

29. Plaintiff was denied the opportunity for any form of progressive discipline, counseling, or accommodation.

30. Instead, Defendant initiated an aggressive investigatory response, encouraged resignation under pressure, and failed to engage in any interactive process despite knowledge of Plaintiff's disability.

31. Defendant's actions were intentional and/or carried out with reckless disregard for Plaintiff's federally protected rights under the ADA.

32. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered damages including loss of income, reputational harm, emotional distress, and the forced relocation from his community to obtain employment elsewhere.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant for all available relief under the ADA, including but not limited to back pay, front pay, compensatory damages, punitive damages, attorney's fees, and costs.

## COUNT II
## NEGLIGENT SUPERVISION

33. Plaintiff re-alleges and incorporates paragraphs 1 through 32 as though fully set forth herein.

34. Defendant Champaign Community Unit School District No. 4 owed Plaintiff a duty to exercise reasonable care in supervising its employees, including enforcing confidentiality protocols and safeguarding surveillance footage of school incidents involving staff and students.

35. The District breached this duty by negligently supervising its employees and agents, thereby allowing the unauthorized access, handling, and dissemination of surveillance video footage depicting Plaintiff engaged in a student-related incident on school premises.

36. This breach was not merely vicarious in nature but was the result of the District's own failures—specifically, its failure to monitor, restrict, and control access to sensitive school surveillance systems, in violation of internal policies and reasonable standards of care.

37. The District failed to prevent foreseeable harm by inadequately supervising its systems and personnel, giving rise to this claim.

38. As a direct and proximate result of the District's negligent supervision, the surveillance footage was leaked to the media, causing Plaintiff to suffer severe emotional distress, reputational damage, and the loss of employment opportunities, ultimately leading to his forced relocation.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant on Count II, and award compensatory damages, costs, and any other relief deemed just and proper.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as though fully set forth herein.

40. Defendant, Champaign Community Unit School District No. 4 (the "District"), by and through its agents and employees, engaged in extreme and outrageous conduct by

allowing the unauthorized release and widespread dissemination of surveillance video depicting Plaintiff, Dr. Savage, in a vulnerable and decontextualized moment with a student under his supervision.

41. The District knew or should have known that the video—taken from internal school surveillance systems—was never intended for public release, and that leaking such footage would severely damage Dr. Savage's professional reputation, expose him to public shame, and retraumatize him in light of his known Post-Traumatic Stress Disorder (PTSD), which had previously been disclosed to the District.

42. Rather than protect its employee from foreseeable harm, the District failed to safeguard sensitive footage, failed to contain the breach once the leak occurred, and failed to correct the false and harmful public narrative that followed.

43. The District's actions—or its knowing inaction—were taken with reckless disregard for Plaintiff's emotional well-being and professional future. It stood by as media outlets broadcasted distorted interpretations of the video, casting Dr. Savage as dangerous, abusive, or unstable—all while knowing that the footage lacked context and that law enforcement found no legal violation.

44. The District's conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and would be regarded as intolerable in a civilized society—particularly by an employer entrusted with the care of both students and staff.

45. As a direct and proximate result of the District's conduct, Plaintiff suffered severe emotional distress, including but not limited to: public humiliation, anxiety, depression,

PTSD aggravation, social isolation, reputational ruin, and the loss of his home community and career in education within the state of Illinois.

46. Plaintiff's emotional suffering was not fleeting or trivial—it required hospitalization and ultimately forced him to relocate out of state in order to escape the fallout of the District's misconduct.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant on Count III, and award compensatory damages, punitive damages, attorneys' fees, costs, and such other relief as this Court deems just and appropriate.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

By: /s/ Cynthia N. Pietrucha
Attorney for Plaintiff

**Dated:   April 18, 2025**

Cynthia Pietrucha, Esq.
PIETRUCHA LAW FIRM, LLC
1717 N. Naper Blvd., Suite 200
Naperville, Illinois 60563

Phone: (630) 344-6370
Fax: (630) 689-9043

Email:cpietrucha@pietruchalaw.com
ARDC # 6315653